We think the appellant was entitled to a salary of three dollars per day so long as he was retained as fireman, and that his claim should have been allowed.

The judgments of the general term and of the board of audit should, therefore, be reversed and judgment rendered in favor of the appellant for the amount of his claim, with costs.

All concur, except EARL, J., not acting.

---

## CITY COURT N. Y.

CHESTER S. COLE, captain of the port, plaintiff and respondent, agt. MICHAEL MAHONEY, defendant and appellant.

*Judgment — Repeal of statute after recovery of — Powers of the harbor master.*

Under section 7 of the act of 1862 (*chap.* 487) the harbor master acts *quasi* judicially and has the power to decide whether a vessel is in good faith engaged in discharging its cargo, and whether circumstances require that it should be assigned to another berth.

The subsequent repeal of a statute does not impair the binding force or validity of a judgment recovered prior to such repeal.

*General Term, October,* 1883.

APPEAL from judgment entered on verdict.

BY THE COURT. — We think that under section 7 of the act of 1862 (*chap.* 487) the harbor master acts *quasi* judicially and has the power to decide whether a vessel is in good faith engaged in discharging its cargo, and whether circumstances

Cole agt. Mahoney.

require that it should be assigned to another berth. The reasons for this conclusion are stated in *Cole* agt. *Kelly* (1 *City Ct. R.*, 400). The verdict herein was recovered February 21, 1883, and judgment was entered February 26, 1883. The subsequent repeal of this statute does not impair the binding force or validity of the judgment herein recovered prior to such repeal. The cases cited by the appellant on this branch of the case refer to criminal convictions for penalties, and one refers to an admiralty proceeding. They do not affect a judgment recovered in an ordinary civil action. These cases were considered by the court of appeals in *Hartung* agt. *The People* (22 *N. Y.*, 95); but the court in that case while declaring the rule contended for by the appellant to be applicable to criminal prosecutions, and therefore conclusive as to the conviction then under review, were careful to limit the rule to such cases, and to exempt from its operation appeals in actions under the Code of Civil Procedure. This is the plain import of the language of DENIO, J., who delivered the opinion of the court in that case, in which (*on page* 108) he said : "Generally the question in a court of review is whether the judgment of the subordinate tribunal was erroneous when pronounced upon the law as it then stood. This is so upon appeals arising under the Code," &c.

We have examined the various exceptions taken during the trial and the other points made upon the argument, but we have failed to discover any error which requires a new trial. It follows, therefore, that the judgment must be affirmed, with costs.